# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL NO. 00-692-01 |
| v. | CIVIL NO. 04-675 |
| DENNIS FREEMAN | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                  SEPTEMBER 7, 2010

Presently before this Court is Petitioner Dennis Freeman's ("Freeman") pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). For the reasons set forth below, this Motion is denied.

## I. PROCEDURAL HISTORY

On November 15, 2000, a federal grand jury returned a 12-Count indictment charging Freeman with conspiracy to distribute more than 50 grams of cocaine base ("crack") in violation of 21 U.S.C. § 846, along with other related charges. On September 24, 2001, Freeman filed a motion to suppress evidence found in his apartment and later searches of another residence and two vehicles. We held evidentiary hearings on the motion and denied it on April 9, 2002.

On April 30, 2002, Freeman pleaded guilty to Count 1 of the indictment reserving his right to appeal our denial of his suppression motion pursuant to Federal Rule of Criminal Procedure 11(a)(2). On November 22, 2002, Freeman was sentenced by this Court to 270 months imprisonment, along with a 10-year term of supervised release. On November 27, 2002, Freeman filed a notice of appeal from his sentence. On November 13, 2003, the Third Circuit Court of Appeals affirmed the Judgment of Conviction and Sentence. On December 23, 2003,

Freeman filed a petition for rehearing en banc which was denied on January 9, 2004. On February 24, 2004, Freeman filed for a writ of certiorari in the United States Supreme Court which was denied on June 1, 2004. On August 4, 2004, Freeman filed a motion for collateral post-conviction relief pursuant to 28 U.S.C. § 2255.[1] We denied this motion with prejudice on December 3, 2004, and declined to issue a certificate of appealability. See United States v. Freeman, No. 00-692-01, 2004 WL 2786147, at *1 (E.D. Pa. Dec. 3, 2004).

On September 20, 2006, Freeman filed a pro se motion for relief from judgment pursuant to Federal Rule of Criminal Procedure 60(b). We denied this motion on October 20, 2006 on the ground that it was a de facto claim for relief under 28 U.S.C. § 2255 that had to be brought as such. On April 15, 2008, Freeman filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based upon Amendment 706 to the United States Sentencing Guidelines ("Guidelines"), which lowered the base offense levels applicable to crack offenses, and was made retroactive effective March 3, 2008.

We appointed counsel for Freeman,[2] and on October 9, 2008, counsel filed a supplemental memorandum of law in support of the motion for a reduction of sentence. On November 10, 2008, we granted a sentence reduction within the limits set by Section 3582(c) and the applicable policy statements set forth in U.S.S.G. § 1B1.10. See United States v. Freeman, No. 00-692-01, 2008 WL 4878396 (E.D. Pa. Nov. 10, 2008). Freeman appealed that decision,

---

[1]In that Petition, Freeman sought relief on the grounds that (1) the government withheld discovery material; and (2) ineffectiveness of counsel based on counsel's alleged failure to tell him about other possible defenses outside a suppression motion and for failure to seek a continuance of the hearing upon discovery of the allegedly withheld evidence.

[2]Sarah Gannett, Esq. of the Federal Defenders' Office was appointed.

and on November 25, 2009, the Court of Appeals affirmed. See United States v. Freeman, 347 Fed. Appx. 761 (3d Cir. 2009).

Freeman filed the instant Motion on June 14, 2010. In this Motion, Freeman claims that at the Section 3582(c) proceeding counsel was ineffective for failing to fully litigate the argument that Freeman should have been granted a two-level reduction under the Guidelines because he had initially been sentenced based on U.S.S.G. § 2D1.1, rather than the otherwise applicable Career Offender provision, U.S.S.G. § 4B1.1.

## II.  STANDARD OF REVIEW

Freeman is entitled to relief only if his custody or sentence violate federal law or the Constitution. Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. A district court is given discretion in determining whether to hold an evidentiary hearing on a habeas petition under § 2255. See Gov't of the V. I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must first determine whether the Petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. See Gov't of the V.I. v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" United States v. Nahodil, 36 F.3d

3

323, 326 (3d Cir. 1994) (quoting U.S. v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)).

### III. DISCUSSION

In the instant Motion, Freeman asserts a claim of ineffective assistance of counsel. In Strickland v. Washington, the Supreme Court of the United States set forth a two-prong test for evaluating a claim of ineffective assistance of counsel. 466 U.S. 668 (1984). A finding against the Petitioner under either prong is sufficient to find for the government. United States v. Ciancaglini, 945 F. Supp. 813, 816 (E.D. Pa. 1996).

First, Petitioner must show that counsel's performance was deficient, meaning that counsel made errors so serious as to deprive Petitioner of the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. This evaluation must be based upon the facts of the case at the time of counsel's conduct. Id. at 690. "[T]he right to effective assistance of counsel does not guarantee that an attorney will never err." Diggs v. Owens, 833 F.2d 439, 446 (3d Cir. 1987). Therefore, to satisfy this prong, Petitioner must show that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. Id. at 688. "[A]n attorney is presumed to possess skill and knowledge in sufficient degree to preserve the reliability of the adversarial process and afford his client the benefit of a fair trial." Diggs, 833 F.2d at 444-45. Consequently, great deference is given in evaluating counsel's performance, and there is a strong presumption that counsel's challenged actions constitute sound trial strategy. Strickland, 466 U.S. at 689.

Second, even if the Court finds counsel's conduct to have been deficient, Petitioner must nevertheless show that his defense was prejudiced by the deficient performance in order to justify

4

setting aside the verdict. United States v. Griffin, No. 91-612, 1993 WL 34927, at *5 (E.D. Pa. Feb. 9, 1993). To establish the requisite prejudice under this second prong, Petitioner must show that counsel's errors were so serious as to deprive him of a fair trial, i.e., one having a reliable result. Strickland, 466 U.S. at 694. In order to do so, Petitioner must establish a reasonable probability that but for counsel's errors, the result of the trial would have been different. Id. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. Id. This second prong must be evaluated by a totality of the circumstances existing at the time of the trial since "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." Griffin, 1993 WL 34927, at *5 (quoting Strickland, 466 U.S. at 696).

Here, before addressing Freeman's ineffective counsel claim concerning his sentencing, we include a background of his original sentencing, the changes in the Guidelines that occurred since that sentencing, and the sentence modification proceedings pursuant to 18 U.S.C. § 3582(c)(2). At the time of sentencing, Freeman had a base offense level of 36, pursuant to Section 2D1.1 of the Guidelines. Two additional points were added to this offense level for possession of firearms, bringing his offense level to 38.

Due to Freeman's past criminal history, he was also classified as a career offender under Section 4B1.1 of the Guidelines. However, Freeman's offense level under Section 4B1.1 was calculated as 37, as opposed to an offense level of 38 under Section 2D1.1. Because his offense level under Section 2D1.1 exceeded his offense level under Section 4B1.1, Freeman's offense level was set by the higher Section 2D1.1 level of 38. This Court granted Freeman a three-point reduction for acceptance of responsibility, resulting in an overall offense level of 35.

Freeman's status as a career offender, along with the criminal history points assigned for his prior offenses, placed him in criminal history category VI. Freeman was assigned thirteen criminal history points, resulting from two prior convictions for possession with intent to deliver from 1990 and 1991 (3 points each), a conviction for simple possession from 1996 (2 points), and a contempt conviction from 1992 (2 points). Three additional points were added because Freeman was on parole and within two years of release from his prior offense. However, because two of these offenses took place when Freeman was still in his teenage years, this Court granted a departure for over-representation of his criminal history category, and reduced Freeman's criminal history category to V. Thus, with a total offense level of 35, and a criminal history category of V, the resulting Guideline range was 262 to 325 months. We sentenced Freeman to 270 months, a sentence at the low-end of the Guideline range.

Since the time of Freeman's sentencing, the Sentencing Commission adopted Amendment 706, which altered Section 2D1.1 of the Guidelines and reduced the sentencing ranges applicable to crack cocaine offenses. See U.S.S.G. Supp. to App'x C, Amend. 706. The Amendment reduced by two levels the base offense level for most crack cocaine offenses under Section 2D1.1. On December 11, 2007, the Commission voted to make these revised crack Guidelines retroactive. See id. As such, beginning March 3, 2008, any offender sentenced under Section 2D1.1 could move to have his sentence reduced pursuant to 18 U.S.C. § 3582. Id. As noted above, Freeman moved for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based upon Amendment 706 to the Sentencing Guidelines.

Regarding that motion, both the government and Freeman agreed that Freeman was eligible for a reduction under Amendment 706; however, it was the extent of that reduction that

6

formed the basis of the parties' dispute. Freeman argued that, in addition to a two-level reduction pursuant to Amendment 706, this Court should have granted him a further reduction pursuant to the rule of Booker v. United States, 543 U.S. 220 (2005) and/or the rule of lenity. Under Freeman's view, Amendment 706 entitled him to a two-level reduction in his base offense level, bringing his base offense level from a 35 to a 33. Thus, with a base offense level of 33 and a criminal history category of V, the amended range would be 210 to 262 months. In addition to the reduction allowed by the Amendment, Freeman argued that any limitations that the Sentencing Commission had placed on this Court's authority to reduce sentences pursuant to 18 U.S.C. § 3582 were purely advisory after Booker, and therefore, this Court should have granted Freeman an even greater reduction in his sentence than that allowed by Amendment 706.

In contrast, the government contended that, while Freeman was eligible for a reduction under Amendment 706, the extent of that reduction was limited by his status as a career offender. The government reasoned that Freeman's initial base offense level was set at 36; however, it was increased to 38 when adjustment was made for possession of firearms. Because the offense level under Section 2D1.1 exceeded that of Section 4B1.1, the offense level of 38 under Section 2D1.1 was used. However, under Amendment 706, Freeman's base offense level was 34, and adding two additional points for possession of firearms resulted in a base offense level of 36. As a result, the base offense level under Section 4B1.1 exceeded that of Section 2D1.1, and as such, the base offense level set by Section 4B1.1 controlled. Factoring in the three-level reduction for acceptance of responsibility, the government contended that Freeman's base offense level was a 34. Thus, with a base offense level of 34 and a criminal history category of V, the government contended that Freeman's Guideline range was 235 to 293 months. The government had no

7

objection to a reduction to 235 months, but contended that this Court lacked authority to grant any further reduction.

We rejected Freeman's argument that this Court has the authority to grant a reduction greater than allowed by Amendment 706. "Generally, a district court may not alter a term of imprisonment once it has been imposed." U.S. v. Wise, 515 F.3d 207, 220 (3d Cir. 2008); see also 18 U.S.C. § 3582(c). A court may, however, modify a defendant's sentence if the sentence was based on a range that is later reduced by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). That statute states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Thus, in order to be eligible for a reduction under Section 3582, a defendant's sentence must have been "based on" a sentencing range that is later reduced by the Commission, and a reduction in sentence must be consistent with the Commission's policy statement. Id. The Commission's policy statement relevant to the question that was at issue is contained in Section 1B1.10(b)(2)(A) of the Guidelines, which states:

> Limitations and Prohibition on Extent of Reduction.-
>
> (A) In General.- Except as provided in subsection (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under

subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(b)(2)(A). We, thus, reasoned that the language of the Commission's policy statement explicitly prohibited the court from reducing a defendant's sentence to a term less than the minimum term set forth by the Amendment. In other words, courts do not have the authority to grant a greater reduction than that set forth in the statute. See U.S. v. Gentry, No. 02-579, 2008 WL 4442948, at *2 (E.D. Pa. Sept. 30, 2008); U.S. v. Wayne, No. 97-17, 2008 U.S. Dist. LEXIS 52133, at *7 (W.D. Pa. July 7, 2008); U.S. v. Strothers, No. 03-195, 2008 U.S. Dist. LEXIS 47630, at *5 (W.D. Pa. June 17, 2008).

We further determined that the Booker decision does not affect the above analysis. Booker held that the Sentencing Guidelines were no longer mandatory. 543 U.S. 220, 263-64. Nonetheless, the majority of courts that have considered the issue have held that Booker does not apply to Section 3582(c) proceedings. See U.S. v. Rivera, 535 F. Supp. 2d 527, 531 (E.D. Pa. 2008); U.S. v. Wright, No. 93-386-5, 2008 WL 2265272, at *1 (E.D. Pa. June 3, 2008); Gentry, 2008 WL 4442948, at *2. Furthermore, with regard to Booker, the Third Circuit has explicitly stated that nothing in the Booker decision reduced Congress's authority to decide the circumstances under which a sentence could be reduced based on changes in the Guidelines. Wise, 515 F.3d at 221 n.11. While the Guidelines themselves may be advisory, Congress's directives with regard to how and when sentences may be reduced remain mandatory. Rivera, 535 F. Supp. 2d at 531. Thus, where, as here, the statutory language speaks directly to the policy statement, courts remain bound to the directives contained in the policy statement. See Wise, 515 F.3d at 221 n.11. As the policy statement in Section 1B1.10 explicitly states that courts shall

not reduce a defendant's sentence below that set forth by Amendment 706, this Court did not have authority under Booker to reduce Freeman's sentence beyond that set forth by the amended Guideline range. Id.[3]

We, thus, determined that Freeman was entitled to a two-level reduction in his base offense level pursuant to Amendment 706. As such, his base offense level was set at 34. Two additional points were added for possession of firearms, bringing his offense level to 36. We also found that Freeman's status as a career offender increased his offense level to 37 pursuant to Section 4B1.1. After affording Freeman a three-point reduction for acceptance of responsibility, Freeman's final offense level was 34. With an offense level of 34, and a criminal history category of V, the resulting Guideline range was 235 to 293 months. We thereby reduced Freeman's sentence from 270 months to 235 months imprisonment. As noted above, this decision was affirmed by the Third Circuit. See Freeman, 347 Fed. Appx. at 761.

In the instant petition, Freeman specifically states that the issue before this Court is:

> Whether counsel rendered ineffective assistance during the modification process by arguing the wrong legal issue, and, if not; did counsel render ineffective counsel on appeal to the Third Circuit by presenting a restrictive and narrow legal question that failed to adequately address the issue.

(Pet.'s § 2255 Mem., at 3.) Freeman further stated his ineffective counsel issue before this Court

---

[3]Additionally, we determined that the rule of lenity did not apply to this case. The rule of lenity applies only in cases where there is a "grievous ambiguity or uncertainty in the statute." Muscarello v. U.S., 524 U.S. 125, 138-39 (1995). The plain language of Section 3582 is clear and provides clear direction as to when and to what degree a sentence reduction is warranted under the statute. U.S. v. Rivera-Crespo, 543 F. Supp. 2d 436, 441 (E.D. Pa. 2008). As such, the rule of lenity did not apply.

as follows:

> The fact that counsel failed to properly raise the precise legal issue, that is: whether considering defendant's career offender status, that was not used during defend's [sic] original sentence, and the splitting of the two point reduction pursuant to amdt # 711, went against the sentencing commission's directive's [sic] pursuant to USSG 1B1.10, rendered counsel ineffective.

(Id. at 6.) Freeman asserts that counsel was ineffective for arguing the Booker issue as opposed to simply arguing that Freeman should have been resentenced pursuant to U.S.S.G. § 2D1.1. However, Freeman misconstrues the legal issue that was before this Court at his resentencing. As his counsel correctly identified at that resentencing, Booker's effect on Section 1B1.10 of the Guidelines was a threshold issue to the question of whether Freeman could be sentenced under the 2D1.1 Guideline, and thus receive a 2-level decrease in offense level pursuant to Amendment 706. Counsel recognized that if Section 1B1.10 is mandatory after Booker, it would preclude the relief Freeman sought because Freeman was sentenced as a Career Offender, and the amended Guideline range that would have been applicable to him following Amendment 706 was 235 to 293 months, pursuant to U.S.S.G. § 4B1.1.

In regard to the instant Motion, counsel's performance in presenting the threshold issue for this Court to decide in order to grant a two-level decrease can hardly be deemed "deficient" under Strickland's first prong in order to prevail on an ineffectiveness claim. Accordingly, Freeman's ineffective counsel claim is without merit, and this Motion is denied.

An appropriate Order follows.